Susan Cason, plaintiff in error, *vs.* Jesse T. Mulling, defendant in error.

Where upon a rule against the former and present sheriffs, requiring them to show cause why one or the other should not pay over the money due on a certain execution, the former answered that he turned over the *fi. fa.* to his successor in time to have made the money before Court, and the present sheriff set up that he was enjoined from proceeding thereon, it was not error in the Court, in the absence of a traverse of the answers, to discharge the rule.

Rule. Sheriff. Execution. Before Judge Herschel V. Johnson. Jefferson Superior Court. May Term, 1873.

For the facts of this case, see the decision.

Cain & Polhill, by Z. D. Harrison, for plaintiff in error.

Carswell & Denny, by brief, for defendants.

WARNER, Chief Justice.

This was a rule against a former sheriff and his successor in office to show cause why one or the other of them should not pay the money due on plaintiff's *fi. fa.* The former sheriff, by his answer, stated he turned over the *fi. fa.* to his successor in time to have made the money before Court, and the present sheriff answered that he was served with an injunction before the expiration of the time to have made the money by Court. There being no traverse of the answers in either case, the Court discharged both rules, and the plaintiff excepted. Where the answer of a sheriff to a rule to show cause is made in writing under oath, and not denied, the rule shall be discharged or made absolute, according as the Court may deem the answer sufficient or not: Code, sec. 3954. We find no error in the judgment of the Court on the facts as stated in the record, which will authorize this Court to interfere and control it.

Let the judgment of the Court below be affirmed.