BAXTER LAND CO. *v.* GIBSON

5-3005                                                    367 S. W. 2d 741

Opinion delivered May 20, 1963.

*Smith & Smith,* for appellant.

*Robert B. Gibson,* for appellee.

SAM ROBINSON, Associate Justice. This is an action to enforce a lien for an attorney's fee. Dan Holmes died testate August 26, 1958. By his will he left 20 acres to his daughter, Eddie Mae Holmes Nelson. About a year after the death of Holmes his will had not been filed for probate and Eddie Mae employed as her attorney, appellee herein, Robert B. Gibson, to look after her interest and to get for her whatever she had coming under the terms of the will. The contract between attorney and client provides: "It is agreed by both parties that said attorney will receive for his services 33⅓% of any and all property received by Eddie Mae Holmes Nelson from the estate of Dan Holmes." Gibson was successful in getting the Holmes will probated and the matter brought to a conclusion. In the meantime, Eddie Mae had deeded the 20 acres to appellant, Baxter Land Company, Inc. Gibson filed a motion in Probate Court to enforce his lien on authority of Ark. Stats. 25-301. The Probate Court granted the motion and entered an order in effect sustaining the lien.

On appeal appellant raises only one issue. It contends that the Probate Court did not have jurisdiction of the subject matter; that is, jurisdiction to sustain the attorney's lien. There is no contention that at the time of the purchase from Eddie Mae appellant did not know of appellee's contract with her. There is no issue here of priority of equities.

Ark. Stats. 25-302 provides: "The court before which said action was instituted, or in which said action may be pending at the time of settlement, compromise, or verdict, upon the petition of the client or attorney, shall determine and enforce the lien created by this act [section]."

The matter was pending in the Probate Court at the time it was concluded. Under the terms of the contract Gibson was entitled to one-third of any and all property recovered by Eddie Mae. If he had failed to ask for the enforcement of his lien in the court where the matter was pending, he may have been barred from enforcing it in some other court. It is said in 7 C.J.S. 1206: ". . . where the forum is designated by statute and proceedings to enforce attorneys' liens are purely statutory, such proceedings must be brought in the forum so designated." Citing *Carpenter* v. *Hazel,* 128 Ark. 416, 194 S. W. 225.

Affirmed.