### 51362. BROOKS v. CASH & THOMAS CONTRACTORS, INC. et al.

PANNELL, Presiding Judge.

1. (a) The appointment of a receiver for property on behalf of one holding a security deed thereto in aid of a suit upon the indebtedness, and for application of the rents therefrom in payment of the indebtedness, and for other relief incident thereto, does not determine the rights of the parties or adjudicate the issues of right and title to the property, or the income thereof, the purpose of a receivership being merely to preserve the property and the income, pendente lite, to await the final orders of the court. In the present case, which is such a case, the complainant and the defendant debtors stipulated that the complainant strikes its prayer for judgment on the debt and for equitable lien against any property of the debtors and debtors struck their cross claim. In the stipulation, both complainant and the defendant debtors move for dismissal of the receiver, and for an accounting for all funds, etc. Subsequently, the trial judge entered an order dismissing the receiver and among other disposition of funds in the registry of the court ordered that $1,350.33 be paid by the receiver into the registry of the court "as monies of" the debtors defendants "subject to the further order of the court." This order amounts to such a recovery of judgment in favor of the defendants by their attorney as will entitle the attorney to a lien thereon for the reasonable value of his services (*Prudential Ins. Co. v. Byrd,* 188 Ga. 527 (4 SE2d 175)), and where such funds are in the hands of the court of equity, the court may, on motion of the attorney impress a lien on the funds. Id.

(b) That intervening creditors, prior to intervention, may have filed summons of garnishment against certain debtors of defendants being rent of the property involved, which debtors paid the rents into the registry of the court which were the funds set aside to the defendants, does not alter the above ruling. The attorney's claim for lien is superior to all other liens except liens for taxes. Code § 9-613; *Morrison, Heard & Co. v. Ponder,* 45 Ga. 167; *Cason v. Mulling,* 50 Ga. 598; *John J. Woodside Co. v. Irwin,* 79 Ga. App. 252 (1) (53 SE2d 246).

2. The trial judge erred in ordering the funds disbursed to the intervening creditors of the defendants and his judgment so ruling is reversed with direction that he hold a hearing in order to determine the reasonable value of the appellant-attorney services.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 5, 1976.

*William T. Brooks,* pro se.
*McClure, Ramsay, Struble & Dickerson, John A. Dickerson,* for appellees.