Dick JARBOE *v.* E. F. HICKS, Claudie PIPES,
and Elwanda BARNUM

83-156 660 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered November 21, 1983

22

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellant.

*Olmstead & Choate, Ltd.,* by: *Stephen Choate,* for appellees.

ROBERT H. DUDLEY, Justice. Dick Jarboe, an attorney, and his client, Claudie Pipes, orally entered into a contract for Jarboe to represent the client in a cause of action arising from a disputed real estate title. The consideration for the agreement was a contingent fee of forty percent of any amount of money or realty recovered. Jarboe then filed suit on behalf of his client to set aside the tax title to eighty acres in Cleburne County held the in the name of appellee, E. F. Hicks. Appellee Hicks subsequently filed a counterclaim to quiet title against Jarboe's client and additionally filed a cross-complaint, also to quiet title, against the client's mother, Elwanda Barnum. Jarboe filed an answer to the counterclaim on behalf of his client and filed an answer to the cross-complaint on behalf of the client's mother. The client and her mother then settled the case, without Jarboe's knowledge, by giving appellee E. F. Hicks a warranty deed to the eighty acres in exchange for $1,000. Jarboe petitioned for an award of an attorney's fee pursuant to the attorneys' lien statute, Ark. Stat. Ann. § 25-301 (Repl. 1962). He prayed judgment against the defendant, appellee E. F. Hicks, but did not ask judgment against his client. Appellee Hicks then filed a cross-complaint against Jarboe's client and her mother. The transcript reflects summonses were issued for the client and her mother but no service of process is shown upon either of them. No waiver of service or entry of appearance is abstracted and obviously they have not cross-appealed. They are not represented on this appeal. The trial court awarded Jarboe a judgment in the amount of $750, jointly and severally, against appellee E. F. Hicks, the client, and her mother. Appellant Jarboe contends that the fee

awarded is insufficient. We affirm the trial court. Jurisdiction is in this court under Rule 29 (1) (c) as the case requires an interpretation of the attorneys' lien statute.

The single point of appeal before us is the sufficiency of the attorney's fee. We express no opinion on issues which might have been raised by the client or her mother.

After a suit is filed, a client may discuss or settle the cause of action without consulting his attorney, as was done in this case, but if the client does so, the attorney is entitled to a fee. Ark. Stat. Ann. § 25-301 (Repl. 1962); *Martin* v. *Pope*, 226 Ark. 522, 290 S.W.2d 849 (1956). In order to collect the fee, the attorney may proceed against the client or he may proceed against all of the parties to the settlement. Ark. Stat. Ann. § 25-301. If the proceeding is against the client the amount of the fee is to be governed by their agreement and, to ensure payment of that fee, the attorney is entitled to a lien upon the client's cause of action which attaches to any settlement recovered by the client. Ark. Stat. Ann. § 25-301. *Baxter Land Co.* v. *Gibson*, 236 Ark. 664, 367 S.W.2d 741 (1963). However, when the attorney proceeds against the other party, as here, the statute contains no provision for a lien upon the cause of action which might attach to a settlement recovered by the other party and the attorney is entitled only to a "reasonable fee or compensation."

Our prior attorneys' lien statute contained a similar provision. In discussing a "reasonable fee" we stated:

> The statute in question provides for a reasonable fee for the attorney against the parties to said action and that the amount of such fee shall not necessarily be limited to the amount of compromise or settlement between the parties litigant. We think this provision of the statute in question, in providing that the fee be reasonable and not limited to the amount of the compromise or settlement, in effect, provides for a fee on a *quantum meruit basis.* In determining what would be a reasonable fee we take into consideration the amount of time and labor involved, the skill and

ability of the attorneys, and the nature and extent of the litigation.

*St. Louis-San Francisco Ry. Co.* v. *Hurst,* 198 Ark. 546, 129 S.W.2d 970 (1939).

The attorney in this case testified that he prepared a complaint, a lis pendens, a reply, an amended reply, an amended counterclaim, and answered some interrogatories. He made two investigative trips to Heber Springs from his home in Walnut Ridge, each being a 200 mile round trip. He spent twenty hours in research and conferred with his client. The stage of taking depositions and final trial preparations had not been reached when Jarboe learned of the settlement. He asked a fee of $4,200.

After the attorney had testified to the amount of time involved and the magnitude of the result he had hoped to achieve, the trial judge asked the attorney what amount he would have received as a fee if the client had consulted him before settling the case. The attorney responded that, had the client insisted on settling the case for only $1,000, his fee would have been $400, forty percent of the $1,000 settlement. The judge then asked the attorney what expenses he had incurred. The attorney responded that he had not kept a record but he estimated at least $300 in expenses without counting the expenses for attending the hearing on fees. The trial judge, obviously relying upon the attorney's response, found a reasonable fee to be $400 plus costs of approximately $350 and set the total fee at $750. As this Court said in *Lilly* v. *Robinson Mercantile Co.,* 106 Ark. 571, 153 S.W. 820 (1913):

> The court was sitting as a jury in the determination of the matter and took into consideration the facts of the service performed, as well as the interested attorney's opinion of the value thereof, but he was not required to lay aside his own general knowledge and ideas of such service and the value thereof, and should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinion expressed and in no other way could he have arrived at a just conclusion.

It may be conceded that the opinion of the attorney familiar with the subject was entitled to great weight, but it was not to be blindly received, it was to be intelligently examined by the court trying the case in the light of his own general knowledge of the subject of inquiry and should control only as it was found to be reasonable, otherwise the opinion of the witness would be substituted for the judgment of the court.

We cannot say the trial judge abused his discretion in setting the fee at $750.

Affirmed.