## 69598. LUCAS v. BOB HURST MAZDA-PEUGEOT AUTOMOBILES et al.

(329 SE2d 593)

BIRDSONG, Presiding Judge.

Lien for Legal Services. These proceedings arose when James E. Hall was killed as a pedestrian. He left no wife or parents but was the father of two illegitimate children. At the time of his death, no individual member of his family (his survivors) had any independent cause of action. Thus his sister, Mattie Mae Hall, brought suit in February 1983 as administratrix of James Hall's estate pursuant to OCGA § 51-4-5 for two purposes: (1) to recover the full value of the life of James Hall (subsection (a), a suit on behalf of the next of kin (*DeLoach v. Emergency Medical Group*, 155 Ga. App. 866 (274 SE2d 38)); and (2) a suit on behalf of the estate as personal representative to recover funeral, medical and other necessary expenses (subsection (b)).

Attorney Robbins was retained and undertook to represent the putative interests of survivors of Hall's estate as well as the personal representative of the estate. Between February 22, 1983, when the estate's suit was filed and November 15, 1983, when Robbins' legal representation was terminated, Robbins expended considerable money and time in developing the case file on behalf of the estate for the administratrix of the estate, Mattie Mae Hall.

Subsequent to the filing of the estate's suit, the Supreme Court recognized an entitlement in illegitimate children to share in a recovery for the tortious death of their father. *Edenfield v. Jackson*, 251 Ga. 491 (306 SE2d 911). In view of this newly recognized right of action in illegitimate children, the mother of the children, Joyce Lucas, filed a wholly separate suit on behalf of the children in October 1983. Though this second suit protested the same wrongful death, it was separate from the suit filed by Mattie Mae Hall and sought to protect different interests.

Thereafter and independently of these two lawsuits, Joyce Lucas petitioned the probate court in November 1983 to remove Mattie Mae Hall as administratrix of James Hall's estate asserting Mattie Mae Hall had converted funds of the estate prior to judicial settlement. This removal action was approved and Joyce Lucas was substituted as administratrix. The order of substitution required Robbins to turn over his files to Joyce Lucas' attorney.

After Joyce Lucas had filed suit on behalf of the children in October 1983, a settlement *as to that suit only* was approved by the trial court. So far as is indicated, this left pending the suit on behalf of the estate filed in February 1983 for the recovery of funeral, medical and other necessary expenses even though a different administratrix had been substituted. On January 4, 1984, after Lucas had been substi-

tuted as administratrix of Hall's estate, judgment in the *estate's* case was approved. However, in November 1983, prior to settlement of the estate's suit in January 1984, the attorney Robbins had filed a lien for legal services rendered on behalf of the estate. Also prior to settlement of the *estate's* case, Robbins unsuccessfully moved to intervene in that case to perfect and enforce his lien for legal services rendered. It is this denial of the motion to intervene and foreclosure of the lien that forms the basis of this appeal. *Held*:

1. It is noted that Mattie Mae Hall never had any individual standing to file suit in her own behalf; thus, we must conclude that Robbins was rendering services on behalf of the estate. Those services were all rendered prior to the time Robbins withdrew from the case or Lucas was substituted as administratrix. It is further noted that when Lucas was substituted it was based upon a motion for substitution of parties in the suit of the administratrix of the Estate of James E. Hall versus Bob Hurst. Thus the substitution of Lucas was not in a different suit but was simply a continuation of that same cause of action.

Under applicable principles of the law of inheritance, the action for medical and funeral expenses would still remain with the personal representative. Whoever that personal representative might be, the action was not in the personal behalf of the personal representative but as a representative of the estate. An attorney's lien is provided by statute and is a lien against the action itself. OCGA § 15-19-14 (b); *Travelers Ins. Co. v. Bagwell*, 116 Ga. App. 675 (158 SE2d 267). It must be concluded therefore that any viable lien attached to the estate's case before Robbins withdrew from the case and should have been assessed against the $4,000 settlement in favor of the estate.

2. Enumerations of error 1, 2, and 4 are either rendered moot in view of our decision as to enumeration 3 or are not likely to reoccur in the event of a new trial.

3. The trial court erred in denying Robbins' motion to intervene in the estate's case in order to litigate, establish, and foreclose the lien for his services rendered to the estate prior to his withdrawal from the case on the order of the trial court.

*Judgment reversed. Carley, J., concurs. Beasley, J., concurs in the judgment only.*

Decided March 14, 1985 —
Rehearing denied March 27, 1985 — ▮▮▮▮▮▮

*William N. Robbins*, for appellant.

*David E. Allman, Donald M. Fain, Eve A. Appelbaum*, for appellees.