## Alice H. MILLDRUM *v.* TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

85-5                                                    688 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered April 15, 1985

*Evans & Evans,* by: *James E. Evans, Jr.,* for appellant.

*Jones, Gilbreath & Jones,* by: *Robert L. Jones, III,* for appellee.

GEORGE ROSE SMITH, Justice. By stipulation the only question in this case is one of law: Did Act 900 of 1975 prohibit the appellee, Travelers Indemnity, from inserting

in a group disability insurance policy a clause providing that total disability benefits under the policy would be reduced by the amount of Social Security benefits received by the disabled employee? Ark. Stat. Ann. § 66-3709 (Repl. 1980). Our jurisdiction is under Rule 29(1)(c).

The unambiguous language of the statute itself unmistakably dictates a negative answer to the question at issue. Act 900 provides that no contract of group disability insurance shall contain any provision for the reduction of benefits because of the existence of "other like insurance." That phrase is then specifically defined:

> The term "other like insurance" may include group or blanket disability insurance or group coverage provided by Hospital and Medical Service Corporations, government insurance plans, union welfare plans, employer or employee benefit organizations, or Workmen's Compensation Insurance or no-fault automobile coverage provided for or required by any statute.

The enumeration of various private insurance plans as constituting "other like insurance" by implication excludes from the prohibition governmental social programs such as Social Security benefits. In fact, the General Assembly itself later so construed Act 900, for a later statute not applicable to this case amended the original act by including Social Security benefits in the prohibition. Even then, however, Social Security benefits were not classified as "other like insurance." Instead, those benefits were placed within a new exclusion of "other such coverage." Act 702 of 1981; Ark. Stat. Ann. § 66-3709 (Supp. 1983).

The appellant argues that Social Security benefits should be included as other like insurance because the emergency clause in Act 900 recites a legislative purpose to prohibit "denial or reduction of benefits under any contract of group disability insurance." That statement in itself is too sweeping to have any practical force if treated as an enactment, which it is not. In cases of ambiguity we may refer to the language of the emergency clause to clarify the

legislative intent. *City of Fort Smith* v. *Brewer,* 255 Ark. 813, 817, 502 S.W.2d 643 (1973). Here, however, there is no ambiguity, for the act itself defined the term "other like insurance." We do not find in the all-inclusive language of the emergency clause any intent to nullify that definition. The trial judge's interpretation of the statute was right. The. appellant is not entitled to recover additional amounts under the policy in view of the exclusion of Social Security benefits.

Affirmed.