Chester CATO and Verna CATO, His Wife
*v.* ARKANSAS MUNICIPAL LEAGUE MUNICIPAL
HEALTH BENEFIT FUND

84-315                                        688 S.W.2d 720

Supreme Court of Arkansas
Opinion delivered April 22, 1985

420

*Wilson, Grider & Castleman,* for appellants.

*David H. White,* for appellee.

ROBERT H. DUDLEY, Justice. Appellants, Chester Cato and Verna Cato, were participants in the health insurance program of appellee, the Arkansas Municipal League. Verna Cato suffered a self-inflicted gunshot wound to the head which required that she be hospitalized. Her hospital charges were $26,206.89. Appellants both signed a standard form which authorized the Municipal League's insurance carrier to pay benefits directly to the hospital. Appellants later filed a claim for the hospital expenses which was denied on the basis that an intentional self-inflicted injury was excluded from coverage. Appellants then retained attorneys on a 40% contingent fee basis. The attorneys filed suit for appellants. After service of process and a denial of liability, appellee settled directly with the hospital for $13,103.45, or 50 cents on the dollar. Neither appellants nor their attorneys were notified of the settlement until after it had been completed. Appellants then amended their complaint to allege that appellee owed them an attorney's fee equal to 40% of the hospital bill, before settlement, under the attorney's fee lien statute, Ark. Stat. Ann. § 25-301 (Repl. 1962), and also the 12% penalty plus attorney's fees as set out in Ark. Stat. Ann. § 66-3238 (Repl. 1980). Additionally, appellants amended their complaint to allege that the refusal to pay hospital expenses directly to appellants constituted the tort of bad faith. Both parties filed motions for summary judgment. The trial court awarded to appellants an attorney's fee of $10,407.76, or 40% of the $26,206.89 originally billed by the hospital; denied appellants' claim for the 12% penalty and attorney's fees; and denied appellants' claim based upon the tort of bad faith. We reverse and remand on the amount of attorney's fees, but affirm on all other parts. Jurisdiction to interpret the statutes at issue is in this Court. Rule 29(1)(c).

Appellants first argue that the trial court erred in refusing to award the 12% penalty plus attorney's fee. Where an insured loss occurs and an insurance company fails to pay the loss within the time specified in the policy, the insurance company is required to pay, in addition to the loss, a 12% penalty plus a reasonable attorney's fee. Ark. Stat. Ann. § 66-3238 (Repl. 1980). Since this statute is penal in nature, it is to be strictly construed. *Callum* v. *Farmers Union Mutual Ins. Co.,* 256 Ark. 376, 508 S.W.2d 316 (1974). The plaintiff must recover the exact amount claimed in order to collect the penalty and attorney's fees. *Farm Bureau Ins. Co.* v. *Paladino,* 264 Ark. 311, 571 S.W.2d 86 (1978). In this case, appellants' complaint and amended complaint asked for a greater amount than was finally recovered. It was only after appellee confessed judgment and tendered $916.83 into the registry of the court that the appellants reduced their claim to the correct sum, the amount which had already been tendered. Even so, appellants argue that they are entitled to penalty and attorney's fee because they recovered the exact amount finally claimed. The argument is without merit because the insurance company confessed judgment for the correct amount before appellant filed claim for the correct amount. See *Broadway* v. *The Home Ins. Co.,* 203 Ark. 126, 155 S.W.2d 889 (1941).

Appellants next contend that the trial court erred in not awarding punitive damages based upon the first party tort of bad faith. In an unusual proceeding, the appellants filed a motion for summary judgment following a similar motion by appellee, but neither party contended below, nor contends on appeal, that there is any issue of material fact. The trial judge decided the question on the affidavits. We affirm as the decision is not clearly erroneous.

An insurance company may incur liability for the first party tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. *Employers Equitable Life Ins. Co.* v. *Williams,* 282 Ark. 29, 665 S.W.2d 873 (1984). However, mere refusal to pay a claim does not constitute the first party tort of bad faith when a valid controversy exists with respect to liability on the policy. *Findley* v. *Time Ins.*

*Co.,* 264 Ark. 647, 573 S.W.2d 908 (1978).

The only provision in appellants' affidavit which can be construed as a fact showing affirmative conduct designed to avoid a just obligation is the statement that appellee settled the hospital claim directly with the hospital rather than with the appellants. However, in response the appellee, in its affidavit, stated:

5. It is undisputed that Mrs. Verna Cato, Plaintiff herein, suffered a gunshot wound to the head on or about March 12, 1982. From the claim forms, medical reports from doctors at the Corning hospital and the Baptist Memorial hospital, and two investigative reports from Equifax Services Inc., the claim was initially denied based on the exclusion contained in our benefits excluding coverage for self-inflicted wounds. Copy of the above mentioned documents have previously been filed herein.

6. The claim was ultimately appealed to the Municipal Health Benefit Fund's Board of Trustees who upheld the decision to deny the claim. This lawsuit followed.

7. After commencement of this suit, further investigation undertaken by trial counsel, and research of the applicable Arkansas law, trial counsel advised that the Municipal Health Benefit Fund faced a difficult burden of proof in maintaining that Mrs. Cato suffered an *intentional* self-inflicted wound. Whereupon a decision was reached to settle this claim.

8. A settlement has been arrived at with the Baptist Memorial hospital and a full release of claims obtained therefor. We have submitted sums in the registry of the court representing payment for claims received by us and for which we provide benefits, up to the limits of our policy. We continue to deny liability for any nursing home or disability income benefits since these claims are not covered by our benefits. In addition, we are due a setoff in the sum of $75.00 which

represents the remainder of the deductible provision under the terms of our benefit program.

Upon this evidence we cannot say the trial court's ruling was clearly erroneous.

The appellee has filed a cross-appeal. The trial court found that when the appellee settled the $26,206.89 debt directly with the hospital for $13,103.45 after suit had been commenced, the appellants' attorneys held a lien against appellee for 40% of $26,206.89, or a lien for an attorney's fee in the amount of $10,482.76. We modify and remand for further evidence on this point.

The cross-appellant insurer argues that the cross-appellees, the Catos, assigned their medical benefits to the hospital, and therefore, there is nothing to which the lien could attach. While the argument may have some theoretical merit, it is immaterial since the statute does not create a lien against the cross-appellant under the facts of this case.

After an attorney files suit, a party litigant may settle the cause of action without notice to the attorney, but if he does so, the attorney is entitled to a fee. Ark. Stat. Ann. § 25-301 (Repl. 1962); *Jarboe* v. *Hicks,* 281 Ark. 21, 660 S.W.2d 930 (1983). In order to collect the fee the attorney may proceed in either of three ways: he may proceed against his client, he may proceed against the other party, or he may proceed against both parties. If the proceeding is against the client the amount of the fee is governed by their agreement and, to insure payment of that fee, the attorney is entitled to a lien upon the client's cause of action which attaches to any settlement recovered by the client. Ark. Stat. Ann. § 25-301; *Baxter Land Co.* v. *Gibson,* 236 Ark. 664, 367 S.W.2d 741 (1963). However, when the attorney only proceeds against the other party litigant, as here, the statute contains no provision for a lien on the cause of action for the agreed fee, but provides that the attorney is entitled to a reasonable fee which shall not necessarily be limited to the amount of the settlement. Thus, the attorney is rewarded to the extent of services performed, even though he has no lien until judgment. *Jarboe* v. *Hicks,* 281 Ark. 21, 660 S.W.2d 930

(1983). In discussing a reasonable fee we have stated:

> The statute in question provides for a reasonable fee for the attorney against the parties to said action and that the amount of such fee shall not necessarily be limited to the amount of compromise or settlement between the parties litigant. We think this provision of the statute in question, in providing that the fee be reasonable and not limited to the amount of the compromise or settlement, in effect, provides for a fee on a *quantum meruit basis*. In determining what would be a reasonable fee we take into consideration the amount of time and labor involved, the skill and ability of the attorneys, and the nature and extent of the litigation.

*Jarboe* v. *Hicks, supra,* quoting from *St. Louis-San Francisco Ry. Co.* v. *Hurst,* 198 Ark. 546, 129 S.W.2d 970 (1939). See also *St. Louis S.W. Ry. Co.* v. *Poe,* 201 Ark. 93, 143 S.W.2d 879 (1940); *Slayton* v. *Russ,* 205 Ark. 474, 169 S.W.2d 571 (1943).

Because the reasonable fee is not necessarily limited by the amount of settlement, or the contract, we have authorized a $750.00 fee when the settlement was for $1,000.00 and the contingent fee contract called for 40% or a $400.00 fee contract. *Jarboe* v. *Hicks, supra.* We allowed a $1,500 fee when the contingent fee contract called for 50% of all sums collected and the authorized settlement was for $1,000.00. *St. Louis S.W. Ry. Co.* v. *Poe, supra.* Similarly, a fee of $318.54 was allowed when the case was settled for $50.00. *Slayton* v. *Russ, supra.* In the latter case we unequivocally held that proof of a settlement without the attorney's consent, after the suit is filed, constitutes the only prerequisite to the attorney having his fee fixed on a quantum meruit basis.

Here, the cross-appellee's attorneys filed suit, and the cross-appellant settled without the consent of the attorneys. Therefore, the attorneys were entitled to a judgment against cross-appellant for a reasonable fee based upon quantum meruit. Instead of basing the attorney's fee upon quantum meruit, the trial court based the fee upon the contingent fee

contract. Since this proceeding was not against the client, but only against the adverse party, the trial judge used the wrong standard to fix the fee, and the record does not contain sufficient evidence for us to set a reasonable fee. Therefore, we must modify and remand for the trial court to set a reasonable fee.

Affirmed on direct appeal.

Modified and remanded on cross-appeal.