PROVIDENT LIFE & ACCIDENT INSURANCE CO.
*v.* Clarence TORAN

85-198                                               702 S.W.2d 10

Supreme Court of Arkansas
Opinion delivered January 21, 1986

*Daily, West, Core, Coffman & Canfield*, by: *Wyman R. Wade, Jr.*, for appellant.

*Kincaid, Horne & Trumbo*, for appellee.

JACK HOLT, JR., Chief Justice. The sole issue we must address in this appeal is whether the appellant, Provident Life & Accident Insurance Co., may enforce a provision in its group disability insurance policy which reduces the benefits to the appellee, Clarence Toran, by the amount of the Social Security payments he is entitled to receive because of his disability. Our jurisdiction is pursuant to Sup. Ct. R. 29 (1)(c), to interpret Ark. Stat. Ann. § 66-3709 as amended in 1979.

We recently answered the same question under the 1975 version of § 66-3709 in *Milldrum* v. *Travelers Indemnity Co.*, 285 Ark. 376, 688 S.W.2d 271 (1985), where we held that Act 900 of 1975 did not prohibit the insertion of a clause reducing benefits for Social Security payments. Although the 1975 Act was at issue in *Milldrum*, we inadvertently quoted language contained in Act 806 of 1979, an amended version of the same Act. The difference between these two enactments does not affect the decision in *Milldrum*, nor does it change the end result of this case.

Arkansas Stat. Ann. § 66-3709 as amended in 1979 controls this case because the appellee became disabled in 1980.

Section 1 of Act 806 of 1979 (§ 66-3709) states:

"Section 1. No contract of group disability insurance as defined in Arkansas Statute 66-3701 including group contracts issued by Hospital and Medical Service Corporations as defined in Arkansas Statute 66-4908 hereafter sold, delivered or issued for delivery or offered for sale in this State shall contain any provision for the denial or reduction or [of] benefits because of the existence of other like insurance except to the extent that the aggregate benefits with respect to the covered medical expenses incurred under such policy or plan and all other like insurance with other insurers exceed all covered medical expenses incurred. The term "other like insurance" may include group or blanket disability insurance or group coverage provided by Hospital and Medical Service Corporations, government insurance plans, union welfare plans, employer or employee benefit organizations, or Workmen's Compensation Insurance or no-fault automobile coverage provided for or required by any statute."

The only change from the 1975 Act was the addition of "government insurance plans" in the list of prohibitions covered by the statute. In *Milldrum*, we said the "enumeration of various private insurance plans as constituting 'other like insurance' by implication excluded from the prohibition governmental social programs such as Social Security benefits."

The trial judge's interpretation of the statute, in light of our

holding in *Milldrum*, is incorrect. Appellant should be allowed to reduce payment of benefits to appellee according to the policy's provision and the judgment in favor of appellee, including the award of attorney's fees, must be reversed.

Reversed.

PURTLE, J., not participating.