W.T. GARRETT and Carolyn Garrett *v.* AMERICAN
FIDELITY ASSURANCE COMPANY

91-26                                        805 S.W.2d 78

Supreme Court of Arkansas
Opinion delivered March 18, 1991
[Rehearing denied April 15, 1991.]

*John I. Purtle*, for appellants.

*Mitchell, Williams, Selig* and *Tucker*, by: *Sherry P. Bartley*, for appellee.

DONALD L. CORBIN, Justice. Appellants, W.T. Garrett and his wife, Carolyn Garrett, appeal a decision by the trial court which they claim erroneously construed a group policy insurance provision so as to deprive them of their complete benefits. We affirm.

Appellants first contend the trial court erred in applying the provisions of Ark. Code Ann. § 23-86-111 (1987) as amended by Act 702 of 1981. The record belies appellants'

position in this regard. The record clearly indicates that trial counsel for appellants argued for the application of Act 806 of 1979 and that the trial court applied the 1979 Act in reaching its decision. This court in *Provident Life & Accident Ins. Co.* v. *Toran*, 288 Ark. 63, 702 S.W.2d 10 (1986) construed Act 806 of 1979 as not prohibiting an insurance company from enforcing a provision in its group disability insurance policy which reduced the benefits payable to an insured by the amount of the Social Security payments the insured received. Act 806 of 1979 defined the term "other like insurance" as:

> "The term 'other like insurance' may include group or blanket disability insurance or group coverage provided by Hospital and Medical Service Corporations, government insurance plans, union welfare plans, employer or employee benefit organizations, or Workmen's Compensation Insurance or no-fault automobile coverage provided for or required by any statute."

In *Provident* we noted that, although the 1975 Act was at issue in *Milldrum* v. *Travelers Indemnity Co.*, 285 Ark. 376, 688 S.W.2d 271 (1985), we inadvertently quoted language contained in Act 806 of 1979, an amended version of the same Act. In *Provident* we went on to say that the only change from the 1975 Act interpreted in *Milldrum* was the addition of "governmental insurance plans" in the list of prohibitions covered by the statute. We affirmed our holding in *Milldrum* that "enumeration of various private insurance plans as constituting 'other like insurance' by implication excludes from the prohibition governmental social programs such as Social Security benefits." We found that the addition of "government insurance plans" in Section 1 of the Act did not affect the statute as to Social Security benefits and allowed, as in *Milldrum*, the insurance company to reduce the payment of benefits to the insured by the amount of Social Security benefits.

We see no reason to reverse ourselves, particularly so in the face of the obverted argument by appellants' counsel that the *Milldrum* case held that clearly Social Security payments for disability were not like other insurances and therefore could not be used to reduce group policy disability benefits. We note that just the opposite result was reached and controls the disposition of the issue before us.

■ Appellants next argue, in the event we find no merit in their first contention, that the trial court erred in computing the amount owed to them under the policy. Appellants claim they are entitled to $2,400.00 ($400.00 per month x 6 months) for the first six months and $2,200.00 ($50.00 per month x 44 months) for the next forty-four months, a total of $4,600.00 being due. However, appellants' trial counsel agreed to a document introduced as Joint Exhibit No. 2 at trial. Joint Exhibit No. 2 provides that $2,085.00 (total amount due under the policy obligation of $3,431.67 less $1,346.67 in benefits previously paid) is the amount due should the trial court find that after the first six months of disability, the policy allows a reduction in benefits to the minimum benefit of $50.00 per month. The trial court in its "Conclusions of Law" relied on *Milldrum, supra*, and *Provident, supra*, for the rule that "benefits received by an insured under a group policy of disability insurance can be reduced by the amount of Social Security payments the insured is entitled to receive because of his disability." The trial court found appellant to be entitled to $2,085.00. Appellants, by agreeing to and offering Joint Exhibit No. 2, waived any right to question the computation of benefits. *See Mine Creek Contractors v. Grandstaff*, 300 Ark. 516, 780 S.W.2d 543 (1989); *Geary v. Kirksey*, 234 Ark. 325, 351 S.W.2d 846 (1961).

Finally, appellants contend if the court agrees with their first point for reversal, the case must be remanded with directions to the trial court to determine the amount of attorney's fees to be awarded, unless this court determines the amount of such attorney's fees.

We do not agree with appellants' first point for reversal. Furthermore, we find no merit in appellants' assertion that this court's holding in *Miller's Mutual Ins. Co.* v. *Keith Smith Co.*, 284 Ark. 124, 680 S.W.2d 102 (1984) requires that penalty, interest, and attorney's fees be granted in accordance with Ark. Code Ann. § 23-79-208 (1987), even if appellee confessed judgment.

■ This court, in *Miller*, held that where an insurance company had a reasonable opportunity to pay the correct amount owed but refused to do so, even though it later confessed judgment, the statutory penalty and attorney's fees would be

allowed. The instant case is distinguishable from *Miller* in that appellee confessed judgment before appellants ever reduced their claim to the correct amount. It was only after appellee confessed judgment to a $50.00 per month benefit that appellants amended their complaint to seek that amount. In this amended complaint, besides the reduced amount, appellants still claimed, alternatively, an amount in excess of the correct amount.

This court held in *Cato* v. *Arkansas Mun. League Mun. Health Benefit Fund*, 285 Ark. 419, 688 S.W.2d 720 (1985), a case similar in this regard to the case at bar, that where an insurance company confessed judgment in the correct amount before the claimant filed an amended complaint asking for the correct amount, the statutory penalty and attorney's fees did not attach.

Based on the foregoing, we cannot say the trial court erred in denying appellants' claim for penalty, interest, and attorney's fees.

Affirmed.