Chris **KARRAS**, Plaintiff and Appellant,

v.

**ALPHA CORPORATION**, Defendant.

No. 18748.

Supreme Court of South Dakota.

Considered on Briefs Nov. 30, 1994.

Decided March 1, 1995.

Chris Karras, pro se.

Michael J. Schaffer and Michael A. Hauck of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellee Scott G. Hoy.

MILLER, Chief Justice.

Appellant Chris Karras appeals the trial court's declaration that his former attorney had an enforceable attorney's lien on certain settlement proceeds paid to Karras by Alpha Corporation. He contends that the trial court, which presided over the original litigation between Karras and Alpha Corporation, lacked jurisdiction to decide the validity of the attorney's lien, asserting that a separate action is required. He also claims that the lien was not valid and enforceable because his former attorney withdrew as counsel of record before the settlement was finalized. We affirm.

## FACTS

In July of 1988, Scott Hoy began representing Karras in trademark litigation

against Alpha Corporation.* Hoy received a $7,500 retainer from Karras. Under their fee agreement, Hoy billed Karras $80 per hour, plus taxes and costs. The agreement further provided that "fees over and above $7500 will be paid first out of any recovery made on your behalf; if there is no recovery, fees will not be charged in excess of $7500."

When Karras' trademark case came up for trial, the trial judge bifurcated the issues of trademark ownership and damages. The jury found for Karras on the issue of trademark ownership. The jury awarded no compensatory damages, but granted Karras $50,000 in punitive damages. Following trial, Hoy served an attorney's lien on the attorney for Alpha Corporation. The attorney's lien provided in pertinent part: "You will hereby take notice that the undersigned claims an attorney's lien on the amount of $30,000.00 for services rendered in the trial of this matter from the proceeds of the judgment from the time of filing."

The trial court subsequently struck the award of punitive damages and Karras appealed to this court. We reversed and remanded for a new trial. *Time Out v. Karras*, 469 N.W.2d 380 (S.D.1991).

Hoy continued to represent Karras in preparation for the retrial. Prior to the scheduled trial date, Alpha indicated it would settle the trademark infringement claim for $75,000. Contrary to Hoy's recommendations, Karras refused the settlement offer. Two months later, Hoy moved to withdraw as Karras' attorney due to differences with his client regarding the proper handling of the case. The trial court found good cause existed for Hoy's withdrawal and granted his motion.

Karras then hired attorney Steven M. Johnson to represent him in the retrial. Johnson agreed to represent Karras under a fee arrangement for one-third of any recovery in excess of the $75,000 which had previously been offered. Johnson ultimately negotiated a settlement with Alpha whereby it agreed to pay Karras $125,000 as settlement of the trademark infringement claim. Of this

amount, $60,000 was payable immediately. Also, pursuant to the agreement, Alpha signed a promissory note dated March 13, 1994, agreeing to pay the $65,000 balance, plus interest, in approximately equal installments in March, 1993 and March, 1994. By letter dated March 12, 1992, to Alpha Corporation's attorney, Hoy waived any claim to the first installment of $60,000, but reasserted the continued existence of his lien on later settlement payments.

Pursuant to a stipulation for dismissal filed by Alpha Corporation and Karras, the trial court entered a judgment of dismissal of the trademark infringement action on March 13, 1992.

On March 4, 1993, when the second installment date was approaching, Hoy filed a motion with the trial judge who had presided over the trademark litigation. The purpose of this motion was to obtain a determination of his attorney's lien on the remaining installments due under the note. (In a separate federal tax lien foreclosure action filed by the United States of America against Karras, the 1993 and 1994 installments were deposited by Alpha Corporation with the Clerk of the United States District Court for the District of South Dakota, Southern Division, to determine the priority of the various claims to the monies.)

The trial court allowed discovery and held a hearing on Hoy's motion. In findings of fact and conclusions of law, the trial court concluded that it had continuing jurisdiction to determine the amount and validity of Hoy's attorney's lien against the proceeds of the settlement agreement between Karras and Alpha Corporation. The trial court found that the fee agreement between Hoy and Karras did not involve a contingent fee, although it did provide that fees over $7,500 would not be charged if no recovery was made. The trial court further found that Hoy's fees for representing Karras in the trademark litigation prior to his withdrawal were $31,079 and that these fees were fair and reasonable for the work Hoy had per-

---

* Originally, the dispute was between Karras and Time Out, Inc. After purchase of Time Out, Inc. by Alpha Corporation, the parties stipulated to

allow the substitution of Alpha Corporation as a party for Time Out, Inc.

formed in connection with this litigation. The trial court concluded that Hoy had properly perfected his attorney's lien pursuant to SDCL 16–18–21, and that he held a valid and enforceable lien in the amount of $31,079.00, plus interest against the settlement installments payable to Karras from Alpha Corporation under the promissory note.

Karras appeals.

## ISSUE I

WHETHER THE TRIAL COURT WHICH ADJUDICATED THE UNDERLYING ACTION HAD JURISDICTION TO DETERMINE THE AMOUNT AND VALIDITY OF THE ATTORNEY'S LIEN FILED BY KARRAS' FORMER ATTORNEY.

Karras argues that the trial court lacked jurisdiction over Hoy's motion to determine his attorney's lien. Karras contends that Hoy could only recover fees due through a separate action in quantum meruit. We disagree.

■ First, quantum meruit is *not* the only remedy available to Hoy. Quantum meruit is "an equitable doctrine, based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby; under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefor." Black's Law Dictionary 1243 (6th ed.1990). However, South Dakota law explicitly allows an attorney to recover fees by operation of an attorney's lien. SDCL 16–18–21 provides:

An attorney and counselor at law has a lien for a general balance of compensation in and for each case upon:

. . . . .

(3) Money due his client in the hands of the adverse party or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, *from the time of giving notice in writing to such adverse party or attorney of such party*, if the money is in the possession or under the con-

trol of such attorney, which notice shall state the amount claimed and in general terms for what services[.] (Emphasis added.)

■ It is undisputed that Hoy gave notice of his claim for compensation to the attorney for Alpha Corporation, and that the Alpha Corporation attorney understood this claim to extend not only to judgments, but also to all "money due," including settlement proceeds. Consequently, Hoy satisfied the statutory notice requirements for establishing an attorney's lien.

■ Second, although at least one jurisdiction requires counsel to bring a separate action against his client to enforce an attorney's lien, *Neilson v. Neilson,* 780 P.2d 1264 (Utah Ct.App.1989), we align ourselves with the majority of jurisdictions which hold that an attorney's lien may be enforced either through a separate action or incident to the underlying litigation. *See Gee v. Crabtree,* 192 Colo. 550, 560 P.2d 835 (1977) (holding that the attorney's charging lien may be asserted and enforced in the civil action which gave rise to the lien claim or in an independent action); *Plaza Shoe Store, Inc. v. Hermel, Inc.,* 636 S.W.2d 53 (Mo.1982) (ruling attorney may proceed to enforce attorney's lien by motion in the original case or by an independent suit); *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.,* 72 Ohio App.3d 205, 594 N.E.2d 146 (1991) (holding that a motion to declare and enforce an attorney's lien must be entertained by the court in the action in which the judgment was rendered, provided client is given an opportunity to obtain new counsel and there is a final judgment in the case which the claiming attorney helped secure through his services in the litigation); *Stubblefield v. General Motors Acceptance Corp.,* 619 P.2d 620, 623 (Okla.1980) (holding that "a lawyer's claim for impression of his statutory charging lien upon the recovery secured in an action may be prosecuted as an ancillary proceeding to the main litigation"). We specifically adopt the reasoning of the Supreme Court of Colorado:

To restrict the means of enforcement of an attorney's lien *solely* to independent civil actions would be a waste of judicial time[.]

... The trial judge who heard the proceedings which gave rise to the lien is in a position to determine whether the amount asserted as a lien is proper and can determine the means for the enforcement of the lien.

*Gee,* 560 P.2d at 836 (emphasis in original).

 In light of the above, the trial judge who presided over the trademark litigation properly exercised jurisdiction over Hoy's motion to declare and enforce his attorney's lien on the proceeds from settlement of that litigation.

### ISSUE II

WHETHER KARRAS' FORMER ATTORNEY HAS A VALID AND ENFORCEABLE ATTORNEY'S LIEN AGAINST THE PROCEEDS OF A SETTLEMENT ENTERED INTO BETWEEN KARRAS AND ALPHA CORPORATION AFTER THE FORMER ATTORNEY HAD WITHDRAWN AS COUNSEL.

 Karras begins by challenging the trial court's finding that Hoy and Karras did not operate under a contingent fee agreement. However, it is undisputed that Karras did not file any objections to Hoy's proposed findings of fact, nor did he propose his own findings of fact. A party's failure to file proposed findings of fact, or to object to his opponent's proposed findings, limits this Court's review to whether the trial court's findings of fact support its conclusions of law and judgment. *Huth v. Hoffman,* 464 N.W.2d 637, 638 (S.D.1991); *Donohue v. Jennings,* 334 N.W.2d 683, 684 (S.D.1983). Here, the findings clearly support the conclusions of law and judgment. Consequently, we need not reach the issue of whether the trial court's findings were erroneous.

 Furthermore, even if Karras and Hoy had entered into a contingent fee agreement, this would not effect the validity of Hoy's attorney's lien. Contrary to Karras' claims, there are no South Dakota cases or statutes which prohibit attorney's liens in contingent fee cases, nor can we divine any policy reason for denying attorney's liens in such cases.

 Karras also suggests that Hoy may not establish an attorney's lien on the settlement proceeds because he voluntarily withdrew as counsel of record prior to the settlement agreement. We reject this argument. Where an attorney has good cause to withdraw, the attorney's lien remains intact. *Phelps Steel, Inc. v. Von Deak,* 24 Mass.App. Ct. 592, 511 N.E.2d 42, 44 (1987); *Reed Yates Farms, Inc. v. Yates,* 172 Ill.App.3d 519, 122 Ill.Dec. 576, 526 N.E.2d 1115 (1988), *appeal denied,* 122 Ill.2d 593, 125 Ill.Dec. 235, 530 N.E.2d 263 (1988). *See also Jenkins v. Dist. Ct. In & For Eighth Judicial District,* 676 P.2d 1201, 1204 (Colo.1984) ("[A]n attorney who withdraws from a case for justifiable reason, or is terminated by his client without cause, may recover compensation for his services."). Settlement between the parties in the underlying litigation will not destroy the attorney's claim. *Paolillo v. American Export Isbrandtsen Lines, Inc.,* 305 F.Supp. 250, 251 (S.D.N.Y.1969); *Lucas v. Bob Hurst Mazda–Peugeot Automobiles,* 174 Ga.App. 212, 329 S.E.2d 593, 595 (1985); *Jarboe v. Hicks,* 281 Ark. 21, 660 S.W.2d 930, 931 (1983).

Affirmed.

SABERS, AMUNDSON and KONENKAMP, JJ., and WUEST, Retired Justice, concur.