### A11A1419. OUTLAW v. RYE.
(718 SE2d 905)

BLACKWELL, Judge.

Shelby Outlaw is a lawyer, and she represented Brodie Rye in a custody dispute with his ex-wife, Susan. When Brodie failed to pay Outlaw the fees that she apparently had earned, Outlaw attempted,

---

pursuant to OCGA § 15-19-14 (c),[1] to put a statutory attorney's lien on certain real property in which Brodie then had an interest. Outlaw later filed a petition in Fulton County to foreclose this lien, but by that time, Brodie had conveyed his interest in the property to Susan, and Susan moved to dismiss the foreclosure petition. The court below granted the motion to dismiss, based on its conclusions that the lien does not comply with OCGA § 15-19-14 (c) — because it concerns property that Brodie did not, in fact, recover in the custody proceedings in which Outlaw represented him — and that the lien consequently cannot be enforced. Outlaw now appeals from the dismissal of her foreclosure petition, claiming that the conclusions of the court below are erroneous in several respects. In support of her claims of error, Outlaw relies on the fact that Brodie agreed in his contract with Outlaw that any real property that he then owned would be subject to a lien under OCGA § 15-19-14 (c). For the reasons set out below, we conclude, as the court below did, that the lien does not comply with OCGA § 15-19-14 (c) and is invalid, and we affirm the dismissal of the foreclosure petition.

Because this appeal involves a question of law, we review both the record and the decision of the court below de novo. *Atlanta Women's Health Group, P.C. v. Clemons*, 299 Ga. App. 102 (681 SE2d 754) (2009). The facts in this case are undisputed, and the record shows that, pursuant to a final decree of divorce entered in December 2007, Brodie and Susan each was awarded a half interest in the property that later became the subject of the lien, on which their marital residence had been situated. Although Outlaw did not represent either party in the divorce action, Brodie subsequently retained Outlaw to represent him in custody modification proceedings that commenced in March 2008. In connection with this representation, Outlaw and Brodie entered into a written agreement, which provides in relevant part:

> You [Brodie] further agree and understand that, upon your failure to execute a promissory note and a security deed or other security interest within the time provided above to secure your unpaid fees, The Outlaw Firm may assert a lien for the remaining balance due the firm on any rights or interest you may have in real property. *You agree that, for the purposes of this Representation Agreement, any real or personal property you may have will be deemed to have been*

---

[1] OCGA § 15-19-14 (c) provides, in relevant part: "Upon all actions for the recovery of real or personal property and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes . . . ."

*recovered as contemplated by OCGA § 15-19-14 in the proceedings undertaken by the Firm on your behalf.*

(Emphasis supplied.)

Before the custody proceedings were concluded, Brodie informed Outlaw that he intended to discontinue his payment of the fees that Outlaw apparently had earned. Outlaw filed a motion to withdraw as his lawyer, and after the motion was granted, she filed a statutory attorney's lien against the property in which he had a half interest. The lien reflects that Brodie is indebted to Outlaw in the principal amount of $21,923.08 for services rendered and expenses incurred in the custody proceedings and also owes her interest on this principal, which accrues, Outlaw claims, at a rate of 18 percent annually.

Brodie and Susan later settled their custody dispute, and they entered into a settlement agreement that addressed not only custody, but some property as well. Pursuant to the terms of the settlement agreement, Susan paid $50,000 to Brodie, and Brodie gave Susan a quitclaim deed, in which he conveyed his half interest in the real property at issue to Susan. Nearly two years after she filed a lien against this property, Outlaw filed a petition to foreclose the lien. Susan appeared at the foreclosure hearing and filed a motion to dismiss the petition. The court below granted the motion to dismiss, and Outlaw now appeals.

1. We find no merit in the first claim of error, that the court below erred when it found that Outlaw could not properly assert a lien under OCGA § 15-19-14 (c) against real property that Brodie did not, in fact, recover in the proceeding in which she represented him. Our Supreme Court has long held that, because the statute concerning attorney's liens is in derogation of the common law, it must be strictly construed. *Woodward v. Lawson*, 225 Ga. 261, 262 (2) (167 SE2d 660) (1969). For this reason, Georgia courts have steadfastly refused to apply the statute "to any factual situation not strictly within its wording." Id.; see also *Peoples v. Consolidated Freightways*, 226 Ga. App. 265, 266 (1) (486 SE2d 604) (1997) (statutory attorney's lien may not attach, under OCGA § 15-19-14 (c), "to property beyond the ambit of the statute"). By its clear and unambiguous terms, the statute permits a lawyer to assert a statutory lien only against property recovered by the lawyer for her client. See OCGA § 15-19-14 (c) ("attorneys at law shall have a lien for their fees on the property recovered"). Put another way, the lien that is authorized by the statute "attaches to the fruits of the labor and skill of the attorney," and it properly can be directed only to properties that are among those "fruits." See *Carragher v. Potts*, 300 Ga. App. 735, 736 (1) (a) (686 SE2d 348) (2009) (punctuation omitted).

The statute does not authorize the lien that Outlaw sought to

foreclose. It is undisputed that Outlaw did not represent Brodie in his divorce, and the half interest in the property at issue that he secured in the settlement of the divorce is not, therefore, among the fruits of the labor and skill of Outlaw. To the contrary, Outlaw only represented Brodie in a subsequent custody dispute, and Brodie ultimately surrendered his half interest in the property in the settlement of that dispute.[2] The court below correctly concluded that the lien in this case was not authorized by OCGA § 15-19-14 (c) and is, therefore, invalid. See *Woodward*, 225 Ga. at 262 (2) (refusing to enforce statutory attorney's lien against real property that lawyer did not recover for his client, notwithstanding that lien was for fees that lawyer earned by doing title work on the property); *Gutter-Parker v. Pridgen*, 268 Ga. App. 205, 205 (601 SE2d 707) (2004) (lawyer who represented homeowners in a lawsuit for money damages against the firm that built their house was not entitled to enforce a lien under OCGA § 15-19-14 (c) against house because, although the lawsuit related to the house, the lawsuit did not seek recovery of the house).

2. We also find no merit in the claim that the court below erred when it determined that a lawyer and her client cannot properly render enforceable a statutory lien that is not authorized by OCGA § 15-19-14 (c) simply by agreeing, at the time the representation commences, that any real property then owned by the client will be deemed to have been recovered by the lawyer for the client, when the property is not, in fact, recovered by the lawyer for her client. As Outlaw conceded at oral argument, the authority of a court to enforce a statutory lien under OCGA § 15-19-14 must be drawn from the statute itself. As we discussed in Division 1 above, however, the statute does not authorize any court to enforce a lien against property that was not actually recovered for the client by his lawyer, either by judgment, decree, award, settlement, or otherwise. *Carragher*, 300 Ga. App. at 736 (1). And despite her arguments to the contrary, we cannot agree with Outlaw that a statute can be effectively amended by a contract between private parties, so as to confer a power upon a court that the statute itself does not confer.

In reaching this conclusion, we understand all too well the difficulties that lawyers sometimes encounter in their efforts to secure the payment of fees that they have rightfully earned. And we acknowledge that a lawyer representing a client in a proceeding in which no money or property is sought or recovered — in a proceeding, for instance, merely to determine who ought to have custody of

---

[2] Outlaw apparently did not seek to place a lien against the $50,000 that Susan paid Brodie in the settlement of the custody dispute.

a child — may face unique problems when he attempts to secure the payment of the earned fees. Although lawyers representing clients in proceedings in which no money or property is recovered cannot properly resort to a statutory lien under OCGA § 15-19-14 (c), we suppose that certain other liens recognized in our existing law might be available to such lawyers. See, e.g., *Routon v. Woodbury Banking Co.*, 209 Ga. 706, 708 (75 SE2d 561) (1953) ("equity may enforce liens created by express contracts under proper pleadings, and may protect equitable rights by impressing liens in the absence of a contract"); *Country Greens Village One Owner's Assn. v. Meyers*, 158 Ga. App. 609, 611-612 (3) (281 SE2d 346) (1981) ("our Supreme Court has held that 'a special lien on specific property may be decreed whenever under the rules of equity the circumstances require this remedy' ") (citation omitted). We need not answer that question today,[3] however, because Outlaw specifically seeks to enforce a statutory lien pursuant to OCGA § 15-19-14 (c). We decide only that Outlaw is not entitled to enforce the specific statutory lien that she sought below to foreclose, and we affirm the judgment below.[4]

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 15, 2011 — 

*Shelby A. Outlaw, Wayland R. Walker, Jr.,* for appellant.
*Callner, Portnoy & Strawser, Charla E. Strawser,* for appellee.

---

[3] Throughout this litigation, Outlaw consistently has identified her lien as a statutory lien under OCGA § 15-19-14 (c), and she never has contended that her lien is anything else. Moreover, Outlaw conceded at oral argument that she relies in this case exclusively on the power conferred upon the courts by the statute to enforce attorney's liens.

[4] Because we conclude that the contract between Outlaw and Brodie, even if it were enforceable, would not render her statutory lien enforceable, we need not consider the claim that the court below erred when it determined that the contractual agreement as to a statutory attorney's lien is void because it is contrary to public policy.