**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 27, 2012**

# In the Court of Appeals of Georgia

A12A1246. IN RE: ESTATE OF ESTES, deceased.                    JE-057

ELLINGTON, Chief Judge.

In 2008, Shawn Estes, represented by attorney Laurene Cuvillier, filed a Petition to Determine Heirs in the case concerning the administration of the estate of his father, Richard Estes, in the Probate Court of Gwinnett County. Estes alleged that Ashley Fusco, who claimed to be the decedent's daughter and who had been serving as the administrator of the estate, was not a legitimate heir at law and, therefore, that he was the sole heir. In January 2010, Cuvillier filed a motion to withdraw as Estes's counsel and filed an attorney's lien pursuant to OCGA § 15-19-14 in the amount of $18,708.12 for services rendered in "the recovery of Shawn Estes's share of [his father's] estate[.]" The probate court granted Cuvillier's motion to withdraw as counsel, based on her showing that a conflict of interest had developed that prevented

her from continuing to represent him. Ultimately, the probate court determined that both Estes and Fusco were the decedent's heirs and were entitled to equal shares of the estate. The probate court also found that Fusco committed malfeasance while serving as the administrator and owed the estate $9,031.83 and ordered her surety to pay that amount to the estate. The administrator then filed a Petition for Direction, stating that he expected the remaining distribution from the estate to Estes to be $14,000 and that, given Cuvillier's lien, he was "uncertain whether or not the distribution should be made to Estes or to . . . Cuvillier, his former attorney, or in some other manner[.]" After a hearing, the probate court ruled that Cuvillier's lien was not valid and directed the administrator to distribute Estes's share directly to Estes. Cuvillier appeals, and, for the reasons explained below, we reverse and remand this case for further proceedings.[1]

OCGA § 15-19-14 (b) provides, in pertinent part, that, "[u]pon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his [or her] fees is fully

---

[1] "Because this appeal involves a question of law, we review both the record and the decision of the court below de novo." (Citation omitted.) *Outlaw v. Rye*, 312 Ga. App. 579, 580 (718 SE2d 905) (2011).

2

satisfied." OCGA § 15-19-14 "is in derogation of the common law and should be strictly construed." (Punctuation and footnote omitted.) *Gilbert v. Montlick & Assocs.*, 248 Ga. App. 535, 538 (6) (546 SE2d 895) (2001). It is well settled that a lien for attorney fees arises under OCGA § 15-19-14 (b) when the attorney files an action on the client's behalf. *Howe & Assocs. v. Daniels*, 280 Ga. 803, 804 (631 SE2d 356) (2006). Consequently, a settlement of the action without the attorney's involvement, as when the attorney-client relationship ends before the settlement, does not defeat the lien of the attorney for his or her fees under OCGA § 15-19-14 (b). *Woods v. Jones*, 305 Ga. App. 349, 351 (1) (699 SE2d 567) (2010).

In this case, it is undisputed that Estes participated in the underlying judicial proceeding in order to obtain a distribution of money from the estate. It is undisputed that, for this purpose, he employed Cuvillier to provide legal counsel, pursuant to a contingent fee agreement, and agreed that, in the event the attorney-client relationship ended before a verdict or award, he would compensate the firm for services rendered to the date of the termination at a specified hourly rate. We find no indication in the record that Estes disputed Cuvillier's assertion that the amount due under the engagement contract, for services rendered before the court permitted her to withdraw,

3

was $18,708.12.[2] Under these circumstances, the administrator is not authorized to satisfy Estes's entitlement to a distribution of money from the estate until Cuvillier's lien or claim for her fees is fully satisfied. See *Woods v. Jones*, 305 Ga. App. at 351 (1) (Where the client discharged the attorney who filed suit on her behalf, and retained another before settling with the tortfeasors, the lien was still valid and enforceable against the settlement proceeds. Consequently, the trial court correctly vacated the client's voluntary dismissal of the action and entered judgment in the attorney's favor in the amount claimed under the lien.); *Lucas v. Bob Hurst Mazda-Peugeot Automobiles*, 174 Ga. App. 212, 213 (1) (329 SE2d 593) (1985) (physical precedent only) (An attorney who was hired by the administratrix of a decedent's estate and who filed suit to recover funeral and medical expenses from the tortfeasor, among other claims, was entitled to a lien against settlement proceeds remitted to the estate, even though the attorney-client relationship ended before the settlement, when the probate court replaced the administratrix.); *Brooks v. Cash &c., Inc.*, 137 Ga. App. 176 (1) (a) (223 SE2d 225) (1976) (An attorney who represented some debtors in seeking to have a receiver dismissed was entitled to a lien against funds that the trial court ordered the receiver to pay into the registry of the court "as monies of" the debtors . . . subject to

---

[2] We note that Estes did not file an appellate brief.

the further order of the court," as such order amounted to the recovery of a judgment in favor of the debtors.) (punctuation omitted).[3] Consequently, the trial court erred in ruling that Cullivier's lien was invalid.[4] This case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Phipps, P. J., and Dillard, J., concur.*

---

[3] Cf. *Griner v. Foskey*, 158 Ga. App. 769, 770-771 (1) (282 SE2d 150) (1981) (Attorneys who represented the heirs to an estate in seeking to have the original administrator of an estate removed and replaced were not entitled to a lien against the estate under the predecessor to OCGA § 15-19-14 (b) [Code 1933 § 9-613 (2)] because the litigation did not bring any money to the heirs individually and, therefore, there was nothing on which a lien could operate.).

[4] We note that the case that the probate court cited as authority for its ruling, *Outlaw v. Rye*, does not require a different result. In that case, an attorney placed a lien on certain real properly in which her client had an interest. Id. at 579-580. The attorney consistently "identified her lien as a statutory lien under OCGA § 15-19-14 (c)." *Outlaw v. Rye*, 312 Ga. App. at 583 (2), n. 3. That subsection pertinently provides that, "[u]pon all actions for the recovery of real or personal property and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes[.]" The attorney had provided services to her client, however, not in connection with an action for the recovery of real or personal property, but in connection with a custody dispute with his ex-wife. Id. We held that OCGA § 15-19-14 (c), strictly construed, does not authorize a lien in proceedings in which no real or personal property is recovered, and, consequently, the trial court correctly concluded that the lien was invalid. *Outlaw v. Rye*, 312 Ga. App. at 581-582 (1).