61576. McRAE v. SMITH.

SOGNIER, Judge.

Smith sued McRae to recover $400 on a loan made to appellant in December 1974. The loan was made on the basis of an oral promise to pay. There was no specific agreement as to the time for repayment but the loan was to be repaid within a reasonable time. After repeated oral promises by appellant, appellee made written demand for repayment in October 1977 and December 1979. When appellant failed to comply with the written demand, appellee initiated the

instant suit on May 7, 1980. Appellant pleaded the statute of limitation as a defense. The trial court denied appellant's motion for directed verdict based on this defense and entered judgment in favor of appellee in the amount of $400.

Appellant contends that the trial court erred in denying his motion based on the statute of limitation. Code Ann. § 3-706 provides: "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged . . . shall be brought within four years after the right of action shall have accrued." Appellant cites *Teasley v. Bradley,* 110 Ga. 497, 504 (3) (35 SE 782) (1900), for the proposition that "[w]hen money is loaned and there is no agreement as to the time of repayment, the amount loaned is in law due immediately, and the statute of limitations begins to run at once in favor of the borrower." We disagree with the application of *Teasley* to the facts in the instant case.

The trial court found that appellant was to repay the loan "when [he] could do so and within a reasonable time." Without a transcript, pursuant to Code Ann. § 6-805 (g) we must assume this finding is supported by the facts. In view of this, when the loan was made the parties intended, either expressly or impliedly, that demand for repayment would not be made until some future time. Under such circumstances, the statute of limitation would not begin to run until the date of demand. *Mallin v. Spickard,* 105 Ga. App. 561 (125 SE2d 93) (1962). The date of demand, October 1977, is within the four year period prior to initiation of this suit. Hence, the statute of limitation is not a bar and the trial court correctly entered judgment for appellee.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 19, 1981.

·*Thomas E. Spraley,* for appellant.
*Lennie W. Jones,* for appellee.