A92A1356. MILLS v. BARTON.
(422 SE2d 269)

POPE, Judge.

Plaintiff Regina Barton was the common-law wife of Charles E. Barton, Sr., now deceased, and the stepmother of defendant Linda Barton Mills, Mr. Barton's daughter. On March 1, 1991 plaintiff filed a complaint claiming defendant owed her $10,117.48 for money lent to the defendant on March 5, 1985. Following a bench trial, the trial court awarded judgment to plaintiff and defendant appeals.

Plaintiff presented evidence that in 1985, before her husband died, he told her that defendant wanted to borrow money from plaintiff so that she could avoid foreclosure of her house. Defendant did not communicate directly with plaintiff because they had a strained relationship. Plaintiff signed over to her husband a check in the amount of $10,117.48 to be loaned to defendant. Plaintiff testified she expected the loan to be paid back when defendant was able to repay it. Defendant testified that her father, who had given her financial assistance previously, merely told her he was taking care of her foreclosure problem. She denied any knowledge that the plaintiff extended any loan to her and denied she agreed to accept a loan. Plaintiff, however, testified defendant had acknowledged to her on numerous occasions that she owed plaintiff money, had thanked her and told her she had plans to repay the money. Plaintiff also presented other witnesses who testified they heard defendant acknowledge the loan and the duty to repay plaintiff.

1. Defendant first argues plaintiff's complaint is barred by the applicable statute of limitation, OCGA § 9-3-25, which provides: "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged . . . shall be brought within four years after the right of action accrues." Citing

*Teasley v. Bradley*, 110 Ga. 497 (35 SE 782) (1900), defendant argues that when money is loaned with no agreement as to time of repayment, the amount loaned is due immediately and thus the period of limitation commences to run at once. Since plaintiff claims the loan was made in 1985, defendant argues the complaint filed in 1991 is barred by the statute of limitation. The facts of this case, however, are similar to those in *McRae v. Smith*, 159 Ga. App. 19, 20 (282 SE2d 676) (1981), in which the debtor was to repay the loan " 'when (he) could do so and within a reasonable time.' " When, as here, the facts show that "the parties intended, either expressly or impliedly, that demand for repayment would not be made until some future time," then the statute of limitation does not commence to run until the date of demand for repayment. Id. Plaintiff testified that she first made demand for repayment "four or five months" after defendant's father died in February 1988. Thus, the complaint was filed within four years of the date on which demand for repayment was made and the trial court did not err in denying defendant's motion for judgment on the ground that the complaint was barred by the statute of limitation.

2. Defendant also argues plaintiff is barred from recovering because of the Statute of Frauds, OCGA § 13-5-30 (2) and (5). Subsection (2) of said statute, requiring a promise to assume the debt of another to be in writing, is inapplicable in this case because even if the loan in question was made to defendant's father and not to defendant, no evidence was presented that the defendant promised to assume the debt of her father. Subsection (5) of the statute, requiring an agreement that is not to be performed within one year to be in writing is also inapplicable. The only evidence on the issue of when the loan was to be repaid was plaintiff's testimony that defendant was to repay her when she was financially able. No evidence was presented from which it could be concluded that the loan could not have been paid back within one year. In fact, plaintiff testified that defendant had discussed with her the possibility of obtaining a loan from a finance company to pay plaintiff back.

3. Finally, we reject the remainder of defendant's enumerations of error in which she argues no contract existed because the parties did not reach an enforceable agreement. Construing the evidence in the light most favorable to the judgment, as we are required to do, the evidence showed the defendant, through her father as her agent, accepted the money from the plaintiff in exchange for the understanding that she would repay the plaintiff when she was financially able. Even when the terms of an agreement are too indefinite to be enforceable, it may later become enforceable " 'by virtue of the subsequent acts, words, or conduct of the parties. . . .' [Cit.]" *Pine Valley Apts. &c. v. First State Bank*, 143 Ga. App. 242, 245 (237 SE2d 716)

(1977). Even if the facts of the case would have authorized a different finding by the trial judge, where, as here, the judgment is authorized by the evidence, it will not be set aside on appeal. See *Gill v. Catrett*, 153 Ga. App. 726 (266 SE2d 362) (1980).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur in Divisions 1, 3, and in judgment.*

DECIDED SEPTEMBER 8, 1992.

*Mark L. Wilhelmi,* for appellant.
*Michael C. Garrett,* for appellee.