MIKELL, Judge.
 

 Tammy Ruth appeals from the trial court's order granting summary judgment to Scott Herrmann in Ruth's action to remove Herrmann's attorney's lien and for money had and received, in which the trial court concluded that Ruth's action was barred by the doctrines of res judicata and collateral estoppel. On appeal, Ruth argues that the trial court erred because there was no identity of parties, which precluded the application of res judicata and collateral estoppel. Additionally, Ruth argues that the trial court's implicit ruling that Herrmann's lien was valid was incorrect and that it erred in denying her motion for summary judgment. For reasons stated below, we affirm.
 

 On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law.
 
 [1]
 

 So viewed, the record shows that Ruth filed a divorce action in Clayton County against Robin Ruth, who was represented therein by appellee in the instant case, attorney Scott Herrmann. Herrmann filed an affidavit in the instant case, in which he averred that on March 10, 2006, he served a notice of withdrawal from representation during the divorce action because Robin Ruth failed to pay his attorney's fees and to cooperate in the defense of his case. Herrmann filed an attorney's lien against marital property owned by appellant Ruth and Robin Ruth and served a notice of filing attorney's lien on Ruth in the divorce action on March 17, 2006.
 

 *728
 
 On April 3, 2006, the trial court signed an order granting Herrmann's request to withdraw as counsel for Robin Ruth in the divorce action. On June 23, 2006, Ruth filed an emergency motion to remove the lien, noting therein that the marital residence had been awarded to her in the final divorce decree. After a hearing on the motion, the trial court entered an order on August 1, 2006, in which it denied the motion, finding that the lien was properly filed and that Ruth received notice of the lien. Ruth did not appeal this ruling.
 

 On or about September 28, 2006, Ruth filed the underlying action in DeKalb County Superior Court, seeking an order removing
 

 **400
 

 the attorney's lien, as well as punitive damages and attorney fees. Herrmann filed his answer and counterclaim for attorney fees on or about November 13, 2006. The case was subsequently transferred to Clayton County Superior Court. Herrmann moved for summary judgment, arguing that appellant's claim to remove attorney's lien was precluded by the doctrines of res judicata and collateral estoppel and that appellant had no viable cause of action. Ruth responded to Herrmann's motion and filed a cross motion for summary judgment, in which she argued that her claim was for money had and received. The case was set for oral argument on the motions, but Ruth did not appear at the hearing. The trial court denied Ruth's motion and granted Herrmann's, finding that "this Court's prior Order, dated August 1, 2006, is a final judgment of this Court which cannot be relitigated by the Plaintiff under the legal principle of res judicata/collateral estoppel."
 

 1. In her first enumerated error, Ruth argues that the doctrines of res judicata and collateral estoppel cannot be applied to her claim against Herrmann to remove the attorney's lien because there was no identity of parties or causes of action between her divorce action and her action against Herrmann. We disagree.
 

 Pursuant to OCGA § 9-12-40,
 

 [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.
 

 Both collateral estoppel and res judicata require identity of parties or privity.
 
 [2]
 

 Collateral estoppel, or issue preclusion, precludes the re-litigation of an issue that was previously litigated and decided on the merits in another action between the same parties or their privies. [Unlike res judicata,] [c]ollateral estoppel does not require identity of the claim-so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Collateral estoppel only precludes those issues that were actually litigated and
 

 **401
 

 decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered.
 
 [3]
 

 The propriety of Herrmann's attorney's lien was litigated and decided in the divorce action.
 
 [4]
 
 Ruth filed an emergency motion to remove the lien and a brief in support of her motion. A hearing was held, and Ruth's motion to remove the lien was denied. Ruth did not appeal the order or move that the court reconsider its decision. Instead, she filed the instant action.
 

 *729
 
 "It is a well-established principle that an attorney has the same right over an action, judgment or decree as his client had or might have had for the amount due the attorney."
 
 [5]
 
 Therefore, for purposes of recovering on his lien, Herrmann had the same rights as Robin Ruth, or in other words, was Robin Ruth's privy. Accordingly, the trial court correctly concluded that the doctrine of collateral estoppel applies to preclude Ruth from relitigating an issue that was fully litigated and decided in the divorce action.
 

 2. Ruth argues that the trial court erroneously ruled by implication that Herrmann's lien was valid. Pursuant to OCGA § 15-19-14(b), however, the lien was valid. The statute provides that "[u]pon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied." Furthermore, "[t]he lien arises upon the institution of the suit; it is fixed as soon as the suit is filed and may not be divested by any settlement or contract, it matters not by whom the settlement may have been made or attempted. After suit has been
 

 **402
 

 filed it can not be settled so as to defeat the lien of the attorney for his fees."
 
 [6]
 
 At the time of the settlement between Ruth and her ex-husband, the attorney's lien on the property co-owned by the Ruths had been filed and Ruth had received notice thereof. Therefore, we concur in the trial court's implicit ruling that the lien was valid.
 

 3. In her last enumerated error, Ruth contends that the trial court should have granted her motion for summary judgment on her claim for money had and received because Herrmann's lien was invalid. Based on Divisions 1 and 2, we need not address the enumerated error as it has been rendered moot.
 

 Judgment affirmed.
 

 SMITH, P.J., and ADAMS, J., concur.
 

 (Citation omitted.)
 
 Kirschner & Venker, P.C. v. Taylor & Martino, P.C.,
 

 277 Ga.App. 512
 
 ,
 
 627 S.E.2d 112
 
 (2006).
 

 City of Demorest v. Roberts & Dunahoo Properties,
 

 288 Ga.App. 708
 
 , 713(2),
 
 655 S.E.2d 617
 
 (2007).
 

 (Punctuation and footnotes omitted.)
 
 Hinely v. Alliance Metals etc.,
 

 285 Ga.App. 230
 
 , 233(1),
 
 645 S.E.2d 584
 
 (2007). See
 
 City of Demorest,
 

 supra.
 
 See also
 
 Draper v. Reynolds,
 

 278 Ga.App. 401
 
 , 404(2)(a),
 
 629 S.E.2d 476
 
 (2006).
 

 See generally
 
 Lipton v. Warner, Mayoue & Bates,
 

 228 Ga.App. 516
 
 , 518(2),
 
 492 S.E.2d 281
 
 (1997) (Georgia law allows a lien for attorney fees to be asserted against real property in a divorce proceeding).
 

 (Citation omitted.)
 
 May v. May,
 

 180 Ga.App. 581
 
 ,
 
 349 S.E.2d 766
 
 (1986). See generally
 
 Seay v. Roberts,
 

 275 Ga.App. 295
 
 , 296-297,
 
 620 S.E.2d 417
 
 (2005) (action to quiet title against purchaser of property seized by IRS was barred by collateral estoppel because purchaser was successor to IRS's interest in property and thus had privity with IRS);
 
 Butler v. Turner,
 

 274 Ga. 566
 
 , 568(1),
 
 555 S.E.2d 427
 
 (2001) ("privy has generally been defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right") (citations omitted).
 

 (Citations, punctuation and footnote omitted.)
 
 Howe & Assoc. v. Daniels,
 

 280 Ga. 803
 
 , 804,
 
 631 S.E.2d 356
 
 (2006).