A08A0662. MURPHY et al. v. VARNER et al.
(666 SE2d 53)

MILLER, Judge.

K. Morgan Varner III and the law firm of Stites & Harbison, PLLC ("S & H") filed suit against Michael Vincent Murphy and his management company, Community Management Services, Inc. (collectively "Murphy"). S & H sought unpaid legal fees in the amount of $505,000, and Varner sought repayment of an alleged $100,000 personal loan to Murphy. S & H settled its claims against Murphy in 2004, and the trial court dismissed it from the case by a consent order. Following a jury trial on Varner's individual claim, the trial court entered judgment on the jury's verdict for Varner and against Murphy in the amount of $100,000, together with post-judgment interest at the statutory legal rate. Murphy appeals, contending that the trial court erred (i) in denying his motion for a directed verdict based on the expiration of the applicable statute of limitation, (ii) in denying his motion for discovery and in granting Varner's motion in limine concerning the settled litigation, and (iii) in failing to issue written rulings upon the same. Discerning no error, we affirm.

"[A] directed verdict is appropriate only if there is no conflict in the evidence as to any material issue and the evidence introduced, construed most favorably to the party opposing the motion, demands a particular verdict. [Cits.]" *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998). We owe no deference to a trial court's rulings as to questions of law and apply a plain legal error standard of review thereon. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Viewed in the light most favorable to the verdict (*St. Paul*, supra, 270 Ga. at 137 (1)), the record shows that Murphy entered into an attorney-client relationship with Varner in the summer of 1998. Varner was then a partner in the law firm Varner, Stephens, Humphries, and White ("Varner Stephens"). Varner Stephens merged with S & H in May 1999. Following the merger, Varner rendered professional services for and on behalf of Murphy as his attorney, and by late December 1999, Murphy owed S & H legal fees slightly in excess of $100,000. When Varner approached Murphy as to the same, Murphy indicated that he was experiencing cash flow difficulties. Varner then made an oral offer to lend Murphy the money necessary to pay S & H's legal fees, and, on December 17,

1999, Murphy accepted that offer. Pursuant to Murphy's request, Varner purchased a $100,000 bank check payable to Murphy, who thereafter used it to pay most of the legal fees he owed to S & H as of December 1999. Notwithstanding Varner's demand for repayment of the loan by letter to Murphy, dated September 19, 2000, Murphy never repaid Varner any portion thereof. Varner filed the underlying complaint for money lent on August 13, 2004.

1. Murphy asserts that the denial of his motion for a directed verdict was error, arguing the expiration of the applicable statute of limitation, OCGA § 9-3-25, which provides: "All actions upon open account, or for the breach of any contract not under the hand[1] of the party sought to be charged . . . shall be *brought within four years after the right of action accrues.*" (Emphasis supplied.) Citing *Teasley v. Bradley*, 110 Ga. 497 (35 SE 782) (1900), Murphy argues that when money is loaned, absent an agreed time of repayment, the amount loaned is due immediately causing the statute of limitation to run at that point.

The facts of this case, however, show that Murphy accepted Varner's loan only as a means of compensating for Murphy's short term "cash flow" difficulty. The facts thus show that the parties contemplated that demand for repayment would not be made until some future time when Murphy's liquidity improved.

> When, as here, the facts show that the parties intended, either expressly or impliedly, that demand for repayment would not be made until some future time, then the statute of limitation does not commence to run until the date of demand for repayment. [*McRae v. Smith*, 159 Ga. App. 19, 20 (282 SE2d 676) (1981).]

(Punctuation omitted.) *Mills v. Barton*, 205 Ga. App. 413, 414 (1) (422 SE2d 269) (1992).

Varner first demanded repayment of the loan by his September 2000 letter to Murphy. Thus, the underlying complaint, filed in August 2004, was filed within the statute of limitation, and the trial court did not err in denying Murphy's motion for a directed verdict based upon the expiration of the same.

2. Further, Murphy contends that the trial court's denial of his motion for additional discovery and its grant of Varner's motion in limine concerning the merger and S & H billing practices foreclosed

---

[1] "Hand" as used in the law "denote[s] either handwriting or a written signature." (Citation omitted.) *Scarboro v. Ralston Purina Co.*, 160 Ga. App. 576, 578 (287 SE2d 623) (1981).

his ability to show that the $100,000 Varner gave him represented a "write down" of his legal fees, rather than a loan. Murphy argues that he should have been allowed to cross-examine Varner as to the credibility of his claim that the loan in issue was a personal loan rather than a payment made to ensure the "integrity" of his billings "to . . . obtain or justify his salary and/or bonus [with S & H]."

Murphy failed to introduce any evidence, however, that Varner's compensation package was in any sense related to the $100,000 lent to Murphy. Specifically, Varner received no bonus in 1999; Varner received no monetary compensation at the time of the merger, based on accounts receivable or otherwise; and the five Stephens Varner senior partners who moved to S & H upon the merger, including Varner, received an equal ownership interest in the new firm.

In addition, given Murphy's settlement with S & H, the validity of his legal fees was not reasonably in issue in the instant litigation warranting further discovery thereon or inquiry at trial. "Trial courts have broad discretion in controlling discovery, including the imposition of sanctions, and this Court will not reverse the trial court's decision in such cases absent a clear abuse of discretion. [Cit.]" *Rice v. Cannon*, 283 Ga. App. 438 (1) (641 SE2d 562) (2007). This same standard of review applies to a trial court's grant of a motion in limine excluding irrelevant evidence. *Johnson v. Riverdale Anesthesia Assocs.*, 275 Ga. 240, 242 (1) (563 SE2d 431) (2002). Under the circumstances of this case, the trial court did not err in denying Murphy's motion for additional discovery. There also was no abuse of discretion upon its grant of Varner's motion in limine.

3. Finally, Murphy contends that the trial court erred in not entering written rulings upon his motions for additional discovery and Varner's motion in limine. See OCGA § 15-6-21 (b), (c). While the trial court ruled on the first motion for additional discovery verbally, it did so without objection, granting Murphy the same. Murphy filed his renewed motion for additional discovery on November 28, 2006. Such order the trial court denied in writing on the same day and filed two days later. The trial court's failure to respond in writing to Murphy's initial motion for discovery thus was waived (see *Hodge v. Lott*, 251 Ga. App. 288, 290 (1) (553 SE2d 652) (2001) (absent contemporaneous objection ruled on by the trial court, the objection not preserved for appellate review)), and there is no failure to respond in writing to the second such motion. OCGA § 15-6-21 (b), (c).

Murphy does not support the instant claim of error by citation of authority or argument insofar as it relates to Varner's motion in limine. We therefore deem this claim of error to be abandoned in that regard. Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 26, 2008 —
RECONSIDERATION DENIED JULY 16, 2008 

*Johnson & Ward, Stanley E. Kreimer, Jr.*, for appellants.
*Randolph A. Mayer*, for appellees.