A10A0466. TURNER et al v. CLAYTON COUNTY et al.
(696 SE2d 99)

MILLER, Chief Judge.

After the Clayton County Board of Commissioners ("Board") granted Stephens MDS, LP's ("Stephens") application for a permit to relocate the abandoned portion of Union Bethel AME Church's ("Union Bethel") cemetery, Henrietta Turner and Shirley Ann Turner (the "Appellants") appealed the Board's decision under OCGA § 36-72-11 by filing a Petition for De Novo Judicial Review and a Complaint for a Preliminary and Permanent Injunction ("Petition") in the superior court. Stephens and the Board (collectively, "Appellees") answered, denying the allegations in the Petition, and filed separate motions to dismiss the Petition, which the

---

superior court granted. Appellants appeal from the superior court's order of dismissal, arguing that (i) their appeal was timely because Appellees failed to prove that the Board's decision was entered in the Board's clerk's office, and (ii) their request for injunctive relief was actionable as a separate equitable claim.[1] Finding that the superior court lacked subject matter jurisdiction to consider Appellants' Petition, which was filed more than 30 days after the Board's decision, we affirm.

"We owe no deference to a trial court's rulings as to questions of law and apply a plain legal error standard of review[.]" (Citation omitted.) *Murphy v. Varner*, 292 Ga. App. 747 (666 SE2d 53) (2008).

The record shows that in September 2008, Stephens applied for a permit to relocate certain human remains from the abandoned portion of Union Bethel's cemetery to Carver Memorial Gardens.[2] On November 11, 2008, the Board held a public hearing on Stephens' application, at which the Appellants were present. On December 2, 2008, by Resolution 2008-214, the Board authorized Clayton County to grant Stephens' application, finding Stephens to be one of the current owners of the cemetery property. The Resolution was "effective on the date of its approval by the [Board,]" which was December 2, 2008.

On January 5, 2009, Appellants filed their Petition, alleging, inter alia, that they were members of Union Bethel and descendants of Steve Dixon, who was buried at Union Bethel's cemetery; that Stephens was not the title owner to property on which the cemetery was located; that the successors, heirs and assigns of John Hanes, Dixon and Alex Moore are the present title owners of such property; and that the Board's decision to approve Stephens' application was based on a fraudulently produced survey and archaeology report. Appellants sought a de novo jury trial; a judgment reversing the Board's decision, removing Stephens from the Union Bethel property and appointing Appellants as trustees of said property; an order "enjoining [Stephens] from taking any further action to remove graves and markers" from the Union Bethel property; and attorney fees and litigation costs. Appellees moved to dismiss the Petition,

---

[1] The Supreme Court of Georgia transferred this appeal to this Court, finding that "Appellants made no request for any extraordinary remedy in their [Petition] and . . . the denial of injunctive relief was a matter of routine once the [trial court] determined that the [Petition] was an untimely attempt to seek the judicial review of the Board's decision." Further, it found that the appeal did not invoke its jurisdiction over extraordinary remedies, equity cases, or title to land.

[2] The application for a permit shall include, inter alia, "[e]vidence of ownership of the land on which the cemetery . . . is located[,]" an archeologist's report stating the number of graves believed to be present and their locations, and a survey showing the location and boundaries of the cemetery. OCGA § 36-72-5 (1)-(3).

arguing that it was filed more than 30 days following the Board's decision, contrary to OCGA § 36-72-11, and Appellants had an adequate remedy at law. After a hearing on Appellees' motions to dismiss, the superior court dismissed the Petition as untimely and found the injunctive claim moot.

1. While the Appellants concede that OCGA § 36-72-11 governs the time frame in which they were required to file their appeal from the Board's decision, they argue that Appellees failed to prove that such decision was filed in the Board's clerk's office, and therefore, the time to file their appeal never began to run. We disagree.

OCGA § 36-72-11 provides that "[s]hould any applicant or descendant be dissatisfied with a decision of the governing authority, he or she, within 30 days of such decision, may file an appeal in the superior court of the county in which the cemetery or burial ground is located[.]"

The record is undisputed that the Resolution was adopted, executed, attested and filed in the Board's clerk's office on December 2, 2008, as reflected by the Resolution and the affidavit of Shelby Haywood, the Board's clerk and custodian of records, stating that "[a]ll resolutions . . . are filed with [her] office as of the date of execution of said document by the members of the Board and the attestation of those signatures by the Clerk or Deputy Clerk." Since Appellants did not file their Petition until January 5, 2009, 33 days later, the trial court's dismissal of their Petition under OCGA § 36-72-11 was proper.

2. Given our holding in Division 1, we further conclude that the trial court did not err in refusing to entertain Appellants' claim for injunctive relief and dismissing the Petition as moot. Unfortunately, equity will not intervene where, as here, Appellants failed to exhaust their statutory remedy of appealing the Board's decision to the superior court within 30 days, pursuant to OCGA § 36-72-11. See *Housing Auth. v. MMT Enterprises*, 267 Ga. 129 (1) (475 SE2d 642) (1996) ("A trial court may not grant equitable relief if a party has an adequate remedy at law.") (footnote omitted); *Carter v. Bd. of Ed.*, 221 Ga. 775, 777 (147 SE2d 315) (1966). See also OCGA §§ 9-5-1; 23-1-4 ("Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law.").

Accordingly, we must affirm the superior court's order of dismissal.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED MAY 28, 2010.

*Michael B. King*, for appellants.

*Freeman, Mathis & Gary, Jack R. Hancock, Michelle Y. Terry, Clifton C. Bray, Robert H. Hishon*, for appellees.