## A10A0210. WOODS et al. v. JONES.

(699 SE2d 567)

BERNES, Judge.

Kimberly D. Woods settled a medical malpractice action in January 2008 and thereafter dismissed the underlying action with prejudice in February 2008. The trial court granted her former attorney's motion to vacate the dismissal and to foreclose his lien for attorney fees. Woods appeals. She contends that the trial court's decision was erroneous, arguing that the attorney's lien was barred by the statute of limitation and that the trial court lacked jurisdiction and venue to determine the merits of the motion. She further argues that the trial court's decision erroneously denied her the right to a jury trial on the amount of the fees owed. We discern no error and affirm.

The record shows that Woods and her husband hired Bobby Jones's law firm to represent them in a medical malpractice lawsuit involving negligent treatment that was rendered to the husband. According to the executed employment contract, the Woods agreed to

---

[42] See *Morris v. State*, 280 Ga. 184, 185 (2) (a) (625 SE2d 391) (2006).

pay Jones a contingency fee of 40 percent "from the gross proceeds of recovery."

After Jones determined that the litigation would be complex and expensive, Jones obtained co-counsel to assist him with the lawsuit. On January 15, 1999, Jones and his co-counsel filed the medical malpractice action on the Woods's behalf. During the course of the litigation, Jones coordinated with his co-counsel, attended numerous meetings, had regular telephone conferences, and engaged in extensive discovery in pursuit of the Woods's claim. While representing the Woods, Jones spent approximately 151 hours working on the case and incurred expenses in the approximate amount of $1,298.

Mr. Woods passed away in July 1999 while the litigation was still pending. As the litigation progressed, a dispute arose between Jones and Woods regarding the scope of the lawsuit. In November 1999, Woods discharged Jones and his co-counsel from the representation. Woods then retained another law firm to represent her in the lawsuit. At the request of Woods and her new counsel, Jones submitted an itemized invoice, describing the work that he had performed and the expenses that he had incurred prior to his discharge. According to Jones, he was owed a total of $31,557.93 for his fees and expenses. Woods's new counsel and Jones discussed the attorney's lien, and they agreed that Jones would be compensated for the value of his services and expenses if a recovery was obtained at the conclusion of the case. According to new counsel, the validity and amount of Jones's lien was undisputed and it was understood that Jones did not have to file a lawsuit against Woods to recover under the lien at that time since they had agreed to pay the value of Jones's services out of any recovery obtained in the lawsuit.

Between the years 2000 and 2001, another attorney was retained to assist with Woods's lawsuit. Thereafter, Woods and the defendant tortfeasors reached a settlement. On February 6, 2008, Woods signed a release setting forth the settlement terms. In the release, Woods and her attorney acknowledged having notice of an existing attorney's lien.

On February 7, 2008, after hearing of Woods's settlement, Jones filed his claim of attorney's lien. On February 19, 2008, Woods dismissed the lawsuit, without satisfying Jones's lien. On September 10, 2008, Jones filed a motion to vacate the dismissal and sought to foreclose on his lien. Following an evidentiary hearing on the matter, the trial court granted Jones's motion and entered judgment in Jones's favor in the amount of $31,557.93, as claimed under the lien.

1. Woods contends that the trial court erred in granting Jones's request to enforce the attorney's lien because the lien was not filed until eight years after his discharge from the case and, thus, was barred by the four-year statute of limitation applicable to open

accounts. Based upon the circumstances presented in this case, we disagree.

The statutory provision governing Jones's attorney's lien, OCGA § 15-19-14 (b),[1]

> confers upon an attorney at law the right to impose a lien upon actions, judgments, and decrees for money, and prevents the satisfaction of such an action, judgment, or decree until the claim of the attorney for his fees is fully satisfied. The lien arises upon the institution of the suit; it is fixed as soon as the suit is filed and may not be divested by any settlement or contract, it matters not by whom the settlement may have been made or attempted. After suit has been filed it can not be settled so as to defeat the lien of the attorney for his fees.

(Citations, punctuation, and footnote omitted.) *Howe & Assocs., P.C. v. Daniels*, 280 Ga. 803, 804 (631 SE2d 356) (2006), affirming 274 Ga. App. 312 (618 SE2d 42) (2005). See also *Ruth v. Herrmann*, 291 Ga. App. 399, 401-402 (2) (662 SE2d 726) (2008). It is clear that a valid lien for attorney fees had arisen when Jones provided legal services and filed the tort action on Woods's behalf. See id. Nevertheless, the question in this case is whether Jones's lien remained viable when he failed to file suit to establish the amount owed under the lien within the four-year statute of limitation for debts on an open account. See OCGA § 9-3-25.[2]

In *Johnson v. Giraud*, 191 Ga. 577, 583-584 (3) (13 SE2d 365) (1941), our Supreme Court of Georgia held that a client's debt for attorney fees is "in the form of an open account and [is] subject to the statute of limitations of four years, and [if] it remain[s] in the form of an open account for a period exceeding four years[,] it [will become] barred by limitation, and if the debt is barred then the lien likewise is barred." (Citation and punctuation omitted.) "Thus, foreclosure of a lien for attorney's fees is time-barred when a claim on the underlying debt has become time-barred." (Citations and punctuation omitted.) *Hunstein v. Fiksman*, 279 Ga. 559, 560 (1) (615 SE2d 526) (2005). See also *Hornsby v. Hunter*, 262 Ga. App. 598, 601 (2) (585 SE2d 900) (2003); *Jones v. Wellon*, 237 Ga. App. 62,

---

[1] OCGA § 15-19-14 (b) pertinently provides that "[u]pon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied."

[2] OCGA § 9-3-25 provides that "[a]ll actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues."

65-67 (514 SE2d 880) (1999). "The statute of limitation begins to run when the right of action accrues." (Punctuation and footnote omitted.) *Hornsby*, 262 Ga. App. at 601 (2).

Jones presented evidence establishing that his right of action to collect upon his lien did not arise until after Woods recovered under her settlement in February 2008. In support of his motion to foreclose the attorney's lien, Jones submitted the affidavit of Woods's former counsel, who Woods retained to pursue the lawsuit after Jones's discharge. Woods's former counsel acknowledged that when his firm assumed Woods's representation, they received an itemized invoice of the legal services that Jones had provided to Woods in the lawsuit, along with the amount of fees and expenses that were owed. Significantly, Woods's former counsel stated that he and Jones had discussed the attorney's lien, and the parties had agreed that Jones would be compensated for the value of his services if a recovery was obtained at the conclusion of the case.[3] Woods failed to deny or present any evidence refuting the existence or validity of the parties' agreement, as conveyed by her former counsel.

"When, as here, the facts show that the parties intended, either expressly or impliedly, that demand for repayment would not be made until some future time, then the statute of limitation does not commence to run until the date of demand for repayment." (Citation and punctuation omitted.) *Murphy v. Varner*, 292 Ga. App. 747, 748 (1) (666 SE2d 53) (2008); *Mills v. Barton*, 205 Ga. App. 413, 414 (1) (422 SE2d 269) (1992). See also *Burnham v. Cooney*, 265 Ga. App. 246, 248 (2) (593 SE2d 701) (2004) ("Where an attorney is entitled to be paid only after a particular result is procured, the attorney's right of action does not accrue until . . . procurement of the result."); *Hornsby*, 262 Ga. App. at 601 (2) (when an attorney has agreed to be paid for his services only after a particular result is procured and accepted by his client, his right of action for attorney fees does not accrue until after such result occurs). In accordance with the parties' agreement, Jones's right to receive payment of the attorney fees did not arise until after Woods obtained her recovery. Accordingly, the statute of limitation did not begin to run until Woods settled her lawsuit and executed the release on February 6, 2008. See *Murphy*, 292 Ga. App. at 748 (1); *Mills*, 205 Ga. App. at 414 (1). Jones filed his

---

[3] Jones's supplemental brief filed in the trial court argued that Woods was estopped from making her statute of limitation defense in light of the undisputed evidence of the parties' agreement that the attorney's lien would be paid upon Woods's recovery. The trial court's order and judgment did not directly address Woods's statute of limitation defense and Jones's argument regarding the parties' agreement. Nevertheless, we will affirm the trial court's judgment if it is right for any reason. See *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002) (the appellate court may affirm the trial court on grounds raised below pursuant to the right for any reason rule).

notice of attorney's lien on February 7, 2008, the day after Woods executed the settlement release. When Woods filed a dismissal of the lawsuit without satisfying Jones's lien, Jones filed his motion to vacate the dismissal and to enforce the attorney's lien on September 10, 2008. Jones's motion to enforce the lien was filed within the same year that his right of action accrued, and thus, it was timely. See *Hornsby*, 262 Ga. App. at 601-602 (2).

2. Woods further argues that the trial court lacked jurisdiction and venue to determine the merits of Jones's motion. Again, we discern no error.

The proper procedure to enforce an attorney's lien after the case has been settled and dismissed is to file a motion to vacate the dismissal and to reinstate the original action. See *Howe & Assocs.*, 280 Ga. at 805-806. Counsel is not authorized to bring a new suit, but rather, must pursue his remedy by reinstating the original action. See id. Because the original action had been filed and pursued in the State Court of Richmond County, Jones's motion was properly presented in and decided by the same court. See id.

3. Lastly, Woods argues that the trial court's entry of judgment erroneously denied her the right to a jury trial as to the amount of the attorney fees due. Her claim is without merit.

> The right to a jury trial under the Georgia Constitution, Art. I, Sec. I, Par. XI, has been interpreted as applying to those cases in which the right existed when the Constitution of 1798 was adopted. Since attorney fees were not allowable at common law, there is no constitutional right to a jury trial on the issue of attorney fees.

(Citations omitted.) *Hudson v. Abercrombie*, 258 Ga. 729, 730 (2) (a) (374 SE2d 83) (1988). And since OCGA § 15-19-14 does not provide the statutory right to a jury trial in actions to enforce an attorney's lien, the award was a matter for the trial court to decide. See id.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 8, 2010 —
RECONSIDERATION DENIED JULY 26, 2010 — 

*Smith & Jenkins, Wilson R. Smith*, for appellants.
*Bell & Bell, David B. Bell*, for appellee.